■ In the Matter of BARRY LIEBOWITZ, Individually and as President of Doctors Council, et al., Respondents, v CHARLES S. HIRSCH, as Chief Medical Examiner of the City of New York, et al., Appellants.—Judgment of the Supreme Court, New York County (Herman Cahn, J.), entered May 22, 1990, which, in a proceeding brought pursuant to CPLR article 78, granted the petition and enjoined the Chief Medical Examiner of the City of New York from using physician's assistants and certified nurse practitioners to carry out preliminary death investigations under the jurisdiction of the Chief Medical Examiner, unanimously affirmed, without costs and without disbursements.

Beginning in January 1989, the Chief Medical Examiner assigned medical assistants and registered nurse practitioners to investigate death scenes, duties which previously had been assigned on a per diem basis to private physicians who were members of petitioner Doctors Council. While Education Law § 6542 permits delegation of some physician's duties to a properly supervised physician's assistant, section 557 of the New York City Charter requires that medical investigators appointed by the Chief Medical Examiner must be physicians duly licensed to practice medicine in the State of New York. Relevant provisions of Administrative Code of the City of New York §§ 17-202 and 17-203 limit investigation of death scenes to various gradations of medical examiners and medical investigators. When read in light of New York City Charter § 557, it is clear that this regulatory scheme envisages that only licensed physicians may be employed to perform the duties which come within the jurisdiction of the Chief Medical Examiner. The general State statutory scheme is neither comprehensive nor specific enough to preempt the field, nor is it specifically inconsistent with the city's regulations *(see generally, New York State Club Assn. v City of New York,* 69 NY2d 211, *affd* 487 US 1). Under the circumstances, injunctive relief was properly granted, and respondents' remedy, if any, is entirely a legislative matter. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.